# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 31, 2020

* * * * * * * * * * * * * * * * * *
| | |
|---|---|
| MICHAEL BISCELGIA and LORI, * | |
| BISCELGIA, natural parents of N.E.B., * | UNPUBLISHED |
| a minor, * | |
| * | No. 19-91V |
| Petitioner, * | |
| * | Special Master Dorsey |
| v. * | |
| * | Decision Based on Stipulation; |
| SECRETARY OF HEALTH * | Tetanus-Diphtheria-Acellular Pertussis |
| AND HUMAN SERVICES, * | ("Tdap"); Epilepsy. |
| * | |
| Respondent. * | |
| * | |

* * * * * * * * * * * * * * * * * *

Carol L. Gallagher, Carol L. Gallagher, Somers Point, NJ, for petitioner.
Julia M. Collison, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION BASED ON STIPULATION**[1]

On January 17, 2019, Michael and Lori Bisceglia, natural father and mother, on behalf of N.E.B., a minor ("petitioners"), filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioners alleged that as a result of the Tetanus-diphtheria-acellular pertussis ("Tdap") vaccination administered to N.E.B. on September 20, 2017, N.E.B. suffered from epilepsy. Petition at 1.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

On March 31, 2020, the parties filed a stipulation recommending an award of compensation to petitioners. Stipulation (ECF No. 40). Respondent denies that the Tdap vaccine administered on September 20, 2017 caused N.E.B.'s epilepsy, or any other injury. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**(1) A lump sum of $7,500.00 in the form of a check payable to petitioners, as legal guardian(s)/conservator(s) of the estate of N.E.B. for the benefit of N.E.B.**

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

The undersigned approves the requested amount for petitioners' compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

> s/Nora B. Dorsey
> Nora B. Dorsey
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MICHAEL and LORI BISCEGLIA, Natural parents of N.E.B., a minor, <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 19-91V (ECF) <br> Special Master Dorsey |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. Michael and Lori Bisceglia, Natural Father and Mother, on behalf of N.E.B., a Minor ("petitioners") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for an injury allegedly related to N.E.B.'s receipt of a tetanus/diphtheria/acellular pertussis ("Tdap") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the Tdap vaccine on September 20, 2017.

3. The vaccine was administered in the United States.

4. Petitioners allege that as a result of receiving the Tdap vaccine, N.E.B. suffered epilepsy, and experienced the residual effects of this injury for more than six months.

5. Petitioners represents that there has been no prior award or settlement of a civil action for damages as a result of N.E.B.'s alleged condition.

6. Respondent denies that the Tdap vaccine caused N.E.B.'s alleged epilepsy or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues

between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.   As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $7,500.00 in the form of a check payable to petitioners, as legal guardian(s)/conservator(s) of the estate of N.E.B. for the benefit of N.E.B.

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.   As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.  Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11.  Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of N.E.B. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and

subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of N.E.B.'s estate under the laws of the State of South Carolina.

14. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioners, in their individual capacities and as legal representatives of N.E.B., on behalf of themselves, N.E.B., and his heirs, executors, administrators, successors, or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of N.E.B. resulting from, or alleged to have resulted from the Tdap vaccine administered on September 20, 2017, as alleged in a Petition filed on January 17, 2019, in the United States Court of Federal Claims as petition No. 19-91V.

15. If N.E.B. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise

of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused N.E.B.'s alleged epilepsy, or any other injury or his current condition.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of N.E.B.

END OF STIPULATION

Respectfully submitted,

**PETITIONERS:**

_____
MICHAEL BISCEGLIA

_____
LORI BISCEGLIA

**ATTORNEY OF RECORD FOR PETITIONER:**

_____
CAROL L. GALLAGHER
Carol L. Gallagher, Esq. LLC
1201 New Road, Suite 133
Linwood, NJ 08221
(609) 837-6262

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_____
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Ward Sorensen for
_____
TAMARA OVERBY
Acting Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

by Catharine E.
_____
JULIA M. COLLISON
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-0102

Dated: 3/31/20