# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: September 30, 2020)

| | |
|---|---|
| * * * * * * * * * * * * * | |
| MICHAEL BISCEGLIA *and* | * |
| LORI BISCEGLIA *natural parents* | * |
| *of N.E.B., a minor,* | * |
| | *   UNPUBLISHED |
| Petitioners, | *   No. 19-91V |
| | * |
| v. | *   Special Master Dorsey |
| | * |
| | *   Attorneys' Fees and Costs |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * | |

Carol L. Gallagher, Somers Point, NJ, for petitioners.
Julia M. Collison, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 17, 2019, Michael and Lori Bisceglia ("petitioners") filed a petition for compensation on behalf of their minor child, N.E.B., under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] ("Vaccine Act"). Petitioners alleged that as a result of a Tetanus-diphtheria-acellular pertussis vaccination administered on September 20, 2017, N.E.B. suffered from epilepsy. Petition at 1 (ECF No. 1). On March 31, 2020, the parties

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 41).

On May 12, 2020, petitioners filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 46). Petitioners request compensation in the amount of $58,476.92, representing $30,617.10 in attorneys' fees and $27,859.82 in attorneys' costs. Fees App. at 3. Pursuant to General Order No. 9, petitioners state they have not incurred any costs related to the prosecution of their petition. Respondent filed his response on May 15, 2020 indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 47). Petitioners did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioners' motion and awards a total of $54,466.07.

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, because petitioners were awarded compensation pursuant to a stipulation, they are entitled to a final award of reasonable attorneys' fees and costs.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent

and without providing a petitioner notice and opportunity to respond. *See* Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i.   Reasonable Hourly Rates

Petitioners request the following rates for their counsel, Ms. Carol Gallagher: $363.00 per hour for work performed in 2017, $400.00 per hour for work performed in 2018 and 2019, and $424.00 per hour for work performed in 2020. These rates are consistent with what Ms. Gallagher has previously been awarded for her Vaccine Program work, and the undersigned finds them to be reasonable for the work in this case.

### ii.   Reasonable Hours Expended

Petitioners request compensation for 75.6 total hours billed by Ms. Gallagher. Fees App. Ex. A at 3. Petitioners have submitted adequate billing logs listing the date, amount of time, individual, and the nature of each task. The only reduction the undersigned finds necessary is for time spent performing paralegal tasks, specifically involving correspondence to and from medical providers for records and for a large amount of correspondence with petitioners. This issue is not new to Ms. Gallagher's billing records. *See* Rocha v. Sec'y of Health & Human Servs., No. 16-241V, 2019 WL 2406954, at *4 (Fed. Cl. Spec. Mstr. Apr. 30, 2019); De Souza v. Sec'y of Health & Human Servs., 141 Fed. Cl. 338 (Fed. Cl. 2018). Additionally, the undersigned finds the time expended on reviewing CMECF notifications in total to be excessive. Based on the hours billed for these tasks, the undersigned finds that a 5% overall reduction to the award of attorney's fees is appropriate. This results in a reduction of $1,530.85. Petitioners are thus awarded final attorney's fees of $29,086.25.

### b.   Attorneys' Costs

Petitioners request a total of $27,859.82 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, acquiring medical literature, and work performed by petitioner's medical expert Dr. Omid Akbari. Upon review, petitioner has provided adequate documentation supporting these costs, and they appear mostly reasonable in the undersigned's experience.

Concerning Dr. Akbari's requested rate of $550.00, the undersigned finds it to be excessive. Dr. Akbari has previously been awarded $500.00 per hour for his vaccine program work. See Sheppard v. Sec'y of Health & Human Servs., No. 17-819V, 2020 WL 1027958, at *3 (Fed. Cl. Spec Mstr. Feb. 20, 2020); Hernandez v. Sec'y of Health & Human Servs., No. 16-1508V, 2018 WL 4391060, at *2 (Fed. Cl. Spec. Mstr. Aug. 8, 2018); Shinskey v. Sec'y of Health & Human Servs., No. 15-713V, 2019 WL 2064558, at *5 (Fed. Cl. Spec. Mstr. May 9, 2019). The undersigned also recently determined that $500.00 per hour is a reasonable hourly rate for Dr. Akbari's work. Sheppard, 2020 WL 1027958, at *3. Thus, the undersigned finds $500.00 is a reasonable rate for Dr. Akbari's work in this case, resulting in a total reduction of $2,480.00. Petitioners are therefore awarded final attorneys' costs of $25,379.82.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioners and their counsel as follows:

| Attorneys' Fees Requested | $30,617.10 |
|---|---|
| (Total Reduction from Billing Hours) | - ($1,530.85) |
| **Total Attorneys' Fees Awarded** | **$29,086.25** |
| | |
| Attorneys' Costs Requested | $27,859.82 |
| (Reduction of Costs) | - ($2,480.00) |
| **Total Attorneys' Costs Awarded** | **$25,379.82** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$54,466.07** |

**Accordingly, the undersigned awards a lump sum in the amount of $54,466.07, representing attorneys' fees and costs, in the form of a check payable jointly to petitioners and their counsel, Ms. Carol Gallagher.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                      **s/Nora Beth Dorsey**
                                      Nora Beth Dorsey
                                      Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.